```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Victoria Lynn Burnett,          :

    Plaintiff,              :

  v.                              :            Case No. 2:13-cv-757

Commissioner of Social          :            JUDGE ALGENON L. MARBLEY
Security,                                    Magistrate Judge Kemp

    Defendant.              :

<u>REPORT AND RECOMMENDATION</u>

    Plaintiff Victoria Lynn Burnett filed this case against the Commissioner of Social Security on July 30, 2013. She is appealing the final denial of her claim for benefits.

    Ms. Burnett did not pay a filing fee initially, but did move for *in forma pauperis* status on August 8, 2013. The Court allowed her to proceed without paying the filing fee and directed the United States Marshal to serve her complaint. However, as of the date of that order, Ms. Burnett had not submitted any copies of the complaint for service, nor had she completed the forms (Form USM-285) which tell the Marshal whom to serve. The Court's order granting her application for leave to proceed *in forma pauperis* told her she must do that, and warned her that if she did not, the case would eventually be dismissed.

    By law (Fed.R.Civ.P. 4(m)), a complaint must be served within 120 days of the date a case is filed. Here, that date was October 28, 2013. Because, as of that date, there was no record that service has been made upon the defendant - apparently because Ms. Burnett did not complete the required forms for service by the United States Marshal or submit copies of her complaint to be served - in an order filed on December 13, 2013, the Court directed her to show good cause within fourteen days

why this action should not be dismissed, or, in the alternative, why the Court should grant her an extension of time to have the defendant served. She was also told that any claim that there is good cause for extending the deadline for service had to be supported with a sworn affidavit. *Order of December 13, 2013*, Doc. 8.

Nothing has been filed since the date of that order. Without a motion for extension, or any reason to extend the date for service, the Court is required, by Rule 4(m), to dismiss this case. Although a dismissal under Rule 4(m) is without prejudice, because any action seeking review of a final decision of the Commissioner of Social Security must be filed within sixty days of that decision, if Ms. Burnett were to attempt, in the future, to refile the case, it would likely be too late to do so. If she does want the Court to review the decision denying benefits, this is her one chance to obtain that review, but the Court cannot proceed with the case because she has not completed the proper paperwork to allow the Marshal to serve the complaint. Not only was this explained in the Court's prior orders, but the *Guide for Pro Se Civil Litigants*, found on the Court's website, www.ohsd.uscourts.gov, also explains these requirements. Under all of these circumstances, the Magistrate Judge has no alternative but to recommend that the case be dismissed.

For these reasons, it is recommended that this case be **DISMISSED** under Fed.R.Civ.P. 4(m) for failure to make timely service of the summons and complaint on the defendant.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge

of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge